David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*ARLENE KRIEGER*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE KRIEGER, | : Civil Action No.: <br> : <br> : |
| Plaintiff, | : **COMPLAINT FOR DAMAGES** |
| v. | : **PURSUANT TO THE FAIR** <br> : **CREDIT REPORTING ACT, 15** |
| EQUIFAX INFORMATION SERVICES, LLC, | : **U.S.C. § 1681, ET SEQ.** <br> : |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and

accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

4. ARLENE KRIEGER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant") with regard to erroneously reporting

patently false, seriously misleading and derogatory credit information.

5. Plaintiff notified Equifax of inaccurate reporting on her credit report and attached all necessary information and documentation.

6. In disregard of Plaintiff's written request, Equifax failed to properly investigate Plaintiff's dispute, and continued to re-report patently false and seriously misleading information damaging Plaintiff's creditworthiness and forcing her to file suit.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

8. This action arises out of Equifax's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

9. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Equifax is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there.

10. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent

of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

11. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

13. Unless otherwise indicated, the use of Equifax's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## GENERAL ALLEGATIONS

14. On or about 10/03/2009, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 *et seq*. Plaintiff's case was assigned Case Number 09-28686 (the "Chapter 13" or "Bankruptcy").

15. An obligation (the subject "Debt") to Hyundai Motor Finance ("Hyundai") arose from a 2009 Hyundai Tiberon.

16. Plaintiff scheduled the Debt in Schedule D of the Plaintiff/Debtor's schedules as indicated in ECF No. 6 of Case No. 09-28686.

17. On October 3, 2009, Plaintiff filed a Chapter 13 Plan (ECF No. 8 of Case No. 09-28686) and included the Debt under 2.16 CLASS 6 as shown below:

| Creditor's Name / Collateral Description | Monthly Contract Installment |
|---|---|
| Hyundai Motor Finance 2009 Hyundai Tiberon (10,000 miles) | 270.00 |

2.16 CLASS 6 - Secured claims paid directly by Debtor or third party (other CLASS 6 claims mature before or after the completion of this plan, are not in defa include 910-Day motor vehicle claims and claims incurred within 1 year of filing th These claims shall be paid by Debtor or a third person whether or not the plan is

18. On November 19, 2009, Hyundai filed a Proof of Claim regarding the Debt (Claim 5 of Case No. 09-28686).

19. The Plaintiff's Chapter 13 Plan was confirmed (the "Confirmed Chapter 13 Plan" or "Confirmation Order") on December 29, 2009. (ECF No. 24 of Case No. 09-28686).

20. A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan. *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

21. Plaintiff made all payments to Hyundai as required under the terms of the Confirmed Chapter 13 plan and paid this debt off in full.

22. Hyundai did not file any proceedings to declare its debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

23. Hyundai did not obtain relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

24. On August 25, 2012, Plaintiff filed a Notice Converting the Chapter 13 to a Chapter 7. (ECF No. 39 of Case No. 09-28686).

25. On October 20, 2012 the Bankruptcy was converted from a Chapter 13 to a Chapter 7. (ECF No. 49 of Case No. 09-28686).

26. On November 27, 2012, Plaintiff obtained a discharge. (ECF No. 52 of Case No. 09-28686).

27. Accordingly, the debt to Hyundai (if not already satisfied through the Chapter 13 plan and direct payments made by the Plaintiff) was discharged through Plaintiff's Chapter 7 Bankruptcy on 11/27/2012.

28. Moreover, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for Hyundai to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

29. However, Hyundai caused to be reported inaccurate information after the Bankruptcy as discussed herein.

30. Hyundai and Equifax's information was inaccurate and misleading in that Hyundai continued reporting information based on Hyundai's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

31. The adverse information reported by Hyundai was based upon Hyundai's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment structure set forth in the Plaintiff's Chapter 13 Plan and the discharge after conversion to a Chapter 7.

32. Additionally, Hyundai and Equifax's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

33. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

34. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit

reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

35. On information and belief, Equifax adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

36. Despite Metro 2 Format's instructions, Equifax re-reported inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

37. To this end, the adverse reporting on the Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

38. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

39. In the instant case, Hyundai and Equifax's erroneously reported that Plaintiff still owed a scheduled payment amount of $270 when, in fact, no payments were due at all; and, in any event, the debt was discharged.

## Hyundai Misreported Credit Information
## RE: Account No. 1542

40. Notwithstanding the foregoing, in an Equifax credit report dated September 16, 2017, Hyundai inaccurately reported that the Plaintiff still owed a scheduled payment amount of $270 even though Hyundai's debt was paid and was also discharged in the Bankruptcy.

41. It was therefore inaccurate for Hyundai to report scheduled payments due on this account, since there were simply no payments due.

42. Further, it is well established that a bankruptcy discharge relieves a consumer of a legal obligation to repay a discharged debt. *Riekki v. Bank of Am.*, 2016 U.S. Dist. LEXIS 76495, *5-6 (D. Nev. June 10, 2016).

43. Hyundai's and Equifax's reported statements that Plaintiff still owed a debt and the implication that there was still a scheduled payment amount due on a debt (which there was not) following the bankruptcy discharge was inaccurate.

44. On or about September 19, 2017, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Hyundai's reported information regarding its reported

obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Hyundai.

45. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

46. Upon information and belief, upon receiving the Equifax Dispute Letter, Equifax timely notified Hyundai of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

47. Equifax was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

48. On or about October 13, 2017, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 7286048306) that Hyundai and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated".

49. A reasonable investigation by Hyundai and Equifax would have indicated that no scheduled payments were due and this debt was discharged.

50. Hyundai and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) (as to Hyundai) and/or 1681i(a) (as to both Equifax and Hyundai), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

51. Hyundai and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i(a), respectively.

52. Hyundai and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Hyundai and Equifax still reporting scheduled payments due and owing of $270.

53. Hyundai and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a), respectively.

54. Due to Hyundai's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and/or 1681e(b), respectively.

55. Plaintiff's Equifax Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. §1681i(b). Specifically, the Plaintiff requested that in the event Equifax failed to make the requested corrections identified in the Plaintiff's Equifax Dispute Letter that Equifax include a statement on the Plaintiff's credit report stating that the instant account was

disputed. However, Equifax failed to provide such a statement and thereby breached its statutory obligations under 15 U.S.C. §1681i(b).

56. Upon information and belief, Equifax also failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note that this account was disputed by the Plaintiff and provide either the Plaintiff's dispute statement or a clear and accurate codification or summary of the dispute in violation of Equifax's statutory obligations under 15 U.S.C. §1681i(c).

57. Reporting and rereporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and rereported has the tendency to confuse ordinary consumers like Plaintiff.

58. Plaintiff's continued efforts to correct Hyundai's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Hyundai and Equifax were fruitless.

59. Hyundai's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

60. Also as a result of Hyundai's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without

limitation credit denials, fear of credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

61. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Hyundai and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and/or (E), 1681i(a) and 1681e(b), respectively.

62. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

65. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

66. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 25, 2018

        Respectfully submitted,

        By  /s/ David H. Krieger, Esq.
        David H. Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Ave., Suite 350
        Henderson, NV 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: dkrieger@hainesandkrieger.com

        Attorney for Plaintiff
        *ARLENE KRIEGER*