Bradley T. Austin, Esq.
Nevada Bar No. 13064
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
baustin@swlaw.com

*Attorneys for Defendant*
*Equifax Information Services LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE KRIEGER, | Case No. 2:18-cv-00140-JAD-GWF |
| Plaintiff, | **DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST COMPLAINT** |
| vs. | |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

Defendant Equifax Information Services LLC ("Equifax"), by and through its undersigned counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. In responding to Paragraph 1, Equifax states that the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), speaks for itself and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

2. In responding to Paragraph 2, Equifax states that the FCRA speaks for itself and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

3. In responding to Paragraph 3, Equifax states that the FCRA speaks for itself and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

allegations are denied.

4.  Equifax admits that Plaintiff purports to bring her claims against Equifax under the FCRA.  Equifax denies the allegations in Paragraph 3 and denies violating the FCRA.

5.  Equifax denies the allegations in Paragraph 5 as stated.  Any written notice referenced in Paragraph 5 speaks for itself and is the best evidence of its contents and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

6.  Equifax denies the allegations in Paragraph 6.

7.  To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction. Equifax denies that it violated federal law, and denies Plaintiff's entitlement to any relief.

8.  Equifax denies the allegations in Paragraph 8.

9.  Equifax admits that venue is proper as to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax admits that venue is proper as to it.  All other allegations in Paragraph 10 are denied.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax admits the allegations in Paragraph 12.

13. Paragraph 13 does not contain allegations that can be admitted or denied. To the extent this Paragraph calls for a response from Equifax, such allegations are denied.

## **GENERAL ALLEGATIONS**

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Paragraph 20 states a legal conclusion that cannot be admitted or denied. To the extent this Paragraph calls for a response from Equifax, such allegations are denied.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

30. Equifax denies the allegations in Paragraph 30 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32. Equifax denies the allegations in Paragraph 32 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies those allegations.

33. In responding to Paragraph 33, Equifax states that the Metro 2 Format guidelines speak for themselves, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes their content, the allegations are denied.

34. Paragraph 34 states a legal conclusion that cannot be admitted or denied. To the extent this Paragraph calls for a response from Equifax, such allegations are denied.

35. Equifax admits that is has implemented the Metro 2 format guidelines.  All other allegations contained in Paragraph 35 are denied.

36. Equifax admits that is has implemented the Metro 2 format guidelines.  Equifax denies any other allegations contained in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Paragraph 38 states a legal conclusion that cannot be admitted or denied. To the extent this Paragraph calls for a response from Equifax, such allegations are denied.

39. Equifax denies the allegations in Paragraph 39 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, therefore, denies those allegations.

40. In responding to Paragraph 40, Equifax states that the September 16, 2017 credit disclosure speaks for itself, and is the best evidence of its contents, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

///

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42. Paragraph 42 states a legal conclusion that cannot be admitted or denied. To the extent this Paragraph calls for a response from Equifax, such allegations are denied.

43. Equifax denies the allegations in Paragraph 43 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, therefore, denies those allegations.

44. Equifax admits that it received a dispute letter, purportedly on Plaintiff's behalf, dated on or around September 19, 2017, the contents of which speak for itself.  To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

45. Equifax admits that it received a dispute letter, purportedly on Plaintiff's behalf, dated on or around September 19, 2017, the contents of which speak for itself.  To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

46. Equifax denies the allegations in Paragraph 46 as stated.  15 U.S.C. § 1681i speaks for itself and is the best evidence of its contents. To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

47. Equifax denies the allegations in Paragraph 47 as stated.  15 U.S.C. § 1681i speaks for itself and is the best evidence of its contents. To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

48. In responding to Paragraph 48, Equifax states that the October 13, 2017 reinvestigation results letter speaks for itself, and is the best evidence of its contents. To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

49. Equifax denies the allegations in Paragraph 49.

50. Equifax denies the allegations in Paragraph 50.

51. Equifax denies the allegations in Paragraph 51.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

52. Equifax denies the allegations in Paragraph 52.

53. Equifax denies the allegations in Paragraph 53.

54. Equifax denies the allegations in Paragraph 54.

55. Equifax admits that it received a dispute letter, purportedly on Plaintiff's behalf, dated on or around September 19, 2017, the contents of which speak for itself.  To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

56. Equifax denies the allegations in Paragraph 56 as stated.  Equifax states that, to the extent any credit reports exist, those reports speak for themselves, and are the best evidence of their contents. To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes their contents, the allegations are denied.

57. Equifax denies the allegations in Paragraph 57 as stated.  15 U.S.C. § 1681g(a) speaks for itself and is the best evidence of its contents. To the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

58. Equifax denies the allegations in Paragraph 58.

59. Equifax denies the allegations in Paragraph 59.

60. Equifax denies the allegations in Paragraph 60.

61. Equifax denies the allegations in Paragraph 61.

62. Equifax denies the allegations in Paragraph 62.

### FIRST CAUSE OF ACTION:

### ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT

63. Equifax reasserts and realleges its responses and defenses to Paragraphs 1-62, which it incorporates herein by reference.

64. Equifax denies the allegations in Paragraph 64 as they pertain to Equifax.

65. Equifax denies the allegations in Paragraph 65 as they pertain to Equifax.

66. Equifax denies the allegations in Paragraph 66 as they pertain to Equifax.

67. Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

68. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby expressly denied.

**DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

**First Defense**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

**Second Defense**

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

**Third Defense**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**Fourth Defense**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**Fifth Defense**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

**Sixth Defense**

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

///

///

- 7 -

**Seventh Defense**

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

**Eighth Defense**

Plaintiff lacks standing to assert the claim she attempts to allege in the Complaint.

**Ninth Defense**

Plaintiff's claims are or may be barred in whole or part by the statute of limitations.

**Tenth Defense**

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action;

(3)     it have a trial by jury for all issues so triable;

(4)     it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted, this 4th day of April, 2018.

SNELL & WILMER, L.L.P.


By: /s/ *Bradley Austin*
Bradley T. Austin
Nevada Bar No. 13064
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Email: baustin@swlaw.com
*Attorneys for Defendant*
*Equifax Information Services LLC*

1

## CERTIFICATE OF SERVICE

2      I hereby certify that a true and exact copy of the foregoing has been served this 4th day of

3    April, 2018, via CM/ECF:

4
     David H. Krieger, Esq.
5    HAINES & KRIEGER LLC
     8985 S. Eastern Avenue, Suite 130
6    Henderson, NV 89123

7

8                                                        By: /s/ Lyndsey Luxford
9                                                            An employee of Snell & Wilmer LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200